THIS ORDER IS APPROVED.

Dated: December 19, 2018



*Brenda Whinery*

Brenda Moody Whinery, Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JORGE A. ROSADO<br>SS# \*\*\*-\*\*-4779<br><br>and<br><br>DIANETTE ROSADO<br>SS# \*\*\*-\*\*-4068<br><br>Debtors. | In Proceedings Under<br>Chapter Thirteen<br><br>Case No. 4:17-bk-14010-BMW<br><br>ORDER CONFIRMING **MODIFIED** CHAPTER THIRTEEN PLAN APPOINTING TRUSTEE DIRECTING PAYMENTS, AND FIXING COMMISSION AND EXPENSES OF TRUSTEE |

This proceeding coming on regularly to be heard by the Court; the Debtors having been represented by counsel, MORTENSEN LAW OFFICES; and the Court having considered the entire record before it:

**THE COURT FINDS AS FOLLOWS:**

1. The Debtor's Amended Chapter 13 Plan has been accepted in writing, or is deemed to have been accepted, by the creditors whose acceptance is required by law.

2. The Plan has been proposed and its acceptance procured in good faith and not by any means, promises, or acts forbidden by law.

3. The Plan is in the best interest of the creditors and is feasible taking into account the statement filed by the Debtors.

4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim, if the estate of the Debtor(s) were liquidated under Chapter 7, Title 11, United States Code, on such date. The Plan accommodates payments to the unsecured creditors at pro rata of the amount due.

5. The Debtors do not list any debts secured by real property, and state that they do not have an ownership interest in real estate.

6. Creditor secured by a 2007 Chrysler 300, Drive Time, to be paid $12,724.70 as secured, through the Trustee, with interest at  5 %, in monthly adequate protection payments of $130.00, accruing month one of the confirmed Plan, with payments to increase prorata. Unpaid balance to be classified as an unsecured nonpriority claim.

Creditor secured by electronics (claim no. 9), Conn's Appliances, Inc., to be paid $342.38 as secured, through the Trustee, with interest at  5 %, in monthly adequate protection payments of $0.00, accruing month one of the confirmed Plan, with payments to increase prorata.

Creditor secured by a washer and dryer (claim no. 8), Conn's Appliances, Inc., to be paid $429.81 as secured, through the Trustee, with interest at  5 %, in monthly adequate protection payments of $0.00, accruing month one of the confirmed Plan, with payments to increase prorata.

Creditor secured by electronics (claim no. 7), Conn's Appliances, Inc., to be paid $1,691.97 as secured, through the Trustee, with interest at  5 %, in monthly adequate protection payments of $30.00, accruing month one of the confirmed Plan, with payments to increase prorata.

Creditor secured by a 2010 Ford Focus, Auto Partners Funding, to have its collateral surrendered. Any deficiency balance will be treated as an unsecured nonpriority claim.

7. Based on figures presented, the trustee estimates a  60  month duration of Plan payments.

8. The Arizona Department of Revenue shall be paid an unsecured priority claim in the amount of $588.94 with no interest for 2011 through 2012 personal income tax.

The Internal Revenue Service shall be paid an unsecured priority claim in the amount of $632.29 with no interest for 2007 and 2011 personal income tax.

There are no secured tax claims.

Tax debts will be paid per the tax agencies proof of claims. Any non dischargeable taxes or additional interest that may accrue, will not be discharged, and will be paid by the Debtor following the discharge of the case.

- 2 -

9. Counsel's administrative costs and attorney fees for this case total $4,500.00. Debtor's paid $700.00 prior to filing and the balance of $3,800.00 will be paid under the Plan.

10. Any property or funds submitted to the Trustee pursuant to this Order Confirming in excess of the monthly amounts required by this Order Confirming the Plan of reorganization will be treated as supplemental payments. In the event the Debtors file a modified plan pursuant to 11 U.S.C. §1329, the yield to non-priority unsecured creditors under such modified plan need not necessarily equal the yield under this present Order Confirming, provided that the Debtor's projected disposable income during the first 36 months of the Plan be applied as Plan payments, and the non-priority unsecured creditors receive not less than what they would receive in a Chapter 7 proceeding. In re Porter, 102 B.R. 773,777 (9th Cir. BAP 1989). In re Anderson, 21 F.3d 355, 356 (9th Cir. 1994). **In no event will the Plan duration be less than thirty-six (36) months., exclusive of any property recovered by the Trustee unless all allowed claims are paid in full. 11 U.S.C. §1325(b)(1).**

11. Debtor is reminded that all payments must be remitted on or before the stated due date each month. Late or missed payments may cause additional interest to accrue on secured debts, which could result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge of the case will be entered. This requirement applies regardless of Plan payment suspensions, waivers or moratoriums.

12. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

13. Any repayment schedule which is or may have been attached to or referenced in the plan or any previous order is completely speculative, is not binding on the Trustee, and should not be relied upon by creditors.

14. **General Unsecured Claims**. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

15. Debtors are required to turn over to the trustee, copies of the state and federal income tax returns for each year during the duration of the Plan, within 30 days of filing said returns. During the pendency of the case, the Debtors shall turn over to the trustee any tax refunds in excess of $1,000.00, as supplemental payments under the plan.

**IT IS ORDERED AS FOLLOWS:**

1. The Debtor's Plan is confirmed;

2. The Debtors shall pay in lump sum payments to the Trustee on the  27th  day of each month;

    $520.00 each month for month 1 through month 5 (12/17 - 4/18)
    $000.00 each month for month 6 through month 8 (5/18 - 7/18)
    $520.00 each month for month 9 through month 60 (8/18 - 11/22)

The Trustee shall disburse such funds in accordance with the Plan, Chapter 13 and Orders of the Court.

3. The Trustee shall receive such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. 586(e). The Trustee's fee is not to exceed 10%.

**_SIGNED & DATED ABOVE_**

The foregoing approved as
to form and content by:

APPROVED
By Dianne Crandell Kerns at 9:59 am, Dec 18, 2018

_____
Dianne C. Kerns
PMB 413
7320 N. La Cholla, #154
Tucson, AZ 85741-2305
Trustee

/s/ Wayne Mortensen (#18519)
Wayne Mortensen
Counsel for Debtors

- 4 -

## PLAN ANALYSIS

Debtors: Jorge & Dianette Rosado                Case No. 4:17-bk-14010-BMW

Prior: Bankruptcy ( )        Chapter 13 ( )        Date:_____

Estimated length of Plan: 60 months:

TRUSTEE USE:
Section 341(a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

**************************************************************************

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES.

(1) Trustee's compensation (10% of Total of Plan Payments to Trustee) .................. $2,964.00
(2) Administrative Expenses .................................................. $3,800.00
(3) Leases and Executory Contracts ............................................ $0.00
(4)(a) Conduit Mortgage Payments .............................................. $0.00
(4)(b) Arrearage Claims Secured Solely by Real Property ........................ $0.00
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal Property–Unmodified $17,188.91
(5)(a) Claims Secured by Personal Property or Combination of Real & Personal Property – Modified ...... $0.00
(6) Priority Unsecured Claims ............................................. $1,221.23
(7) Unsecured Nonpriority Claims .......................................... $4,465.86

**TOTAL OF PLAN PAYMENTS** ................................................. $29,640.00

**Section 1325 Analysis**.

(1)   Best Interest of Creditors Test:
      (a)   Value of Debtor's interest in nonexempt property ..................... $0.00
      (b)   Plus: Value of property recoverable under avoidance powers .......... $0.00
      (c)   Less: Estimated Chapter 7 administrative expenses ................... $0.00
      (d)   Less: Amounts payable to unsecured, priority creditors .............. $0.00
      (e)   **Equals:** Estimated amount payable to unsecured, non priority claims
            if Debtor filed Chapter 7 ........................................... $0.00

(2)   Section 1325(b) Analysis:

      (a)   Monthly disposable income, Form B 122C-2 (if less than $0, then state $0) ...... $0.00
      (b)   Applicable Commitment Period ........................................ x 60
      (c)   Total of Line (2)(a) amount x 60 .................................... $0.00

(3)   Estimated Payment to Unsecured, Nonpriority Creditors Under Plan ............. $4,465.86


** IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.